UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

          Plaintiff,

-against-

MARINO ORTEGA,

          Defendant.

99 CR 278 (LAP)

ORDER

---

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Defendant Marino Ortega's motion pursuant to 18 U.S.C. § 3582(c)(1)(A) for compassionate release. (Dkt. no. 72.)  On December 27, 2013, Mr. Ortega pleaded guilty to conspiring to commit a series of robberies, during many of which he or his accomplice brandished a firearm.  See United States v. Marino Ortega, 13 Cr. 814, dkt. no. 37 at ¶¶ 8-15.  On April 7, 2014, Mr. Ortega was sentenced before Judge Furman to a term of 151 months' imprisonment to be followed by a term of three years' supervised release.  See id., dkt. no. 45 at 27:22-25 (JMF).  Mr. Ortega was on supervised release pursuant to a judgment from this Court when he committed the aforementioned crimes and other violations of the terms and conditions of his supervised release, and, thus, on May 21, 2014, this Court sentenced Mr. Ortega to a 10-month period of incarceration to run consecutively to the sentence imposed by Judge Furman. (Dkt. no. 69 at 5:4-12, 14:2-4.)  On February 24, 2023, Mr.

1

Ortega moved before Judge Furman for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Dkt. no. 72-2 at 1.) On March 31, 2023, following full briefings by the parties, Judge Furman granted Mr. Ortega's motion for compassionate release. (Dkt. no. 72-1 at 2.) Ortega now moves this Court for an order granting him compassionate release consistent with Judge Furman's March 31, 2023 decision. (Dkt. no. 72 at 1.) For the reasons set forth below, the motion is GRANTED.

As amended by the First Step Act, the compassionate release statute provides that the Court "may reduce" a defendant's term of imprisonment "if it finds that . . . extraordinary and compelling reasons warrant such a reduction" and that "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission" and the sentencing factors set forth in 18 U.S.C. § 3553(a). U.S.C. § 3582(c)(1)(A)(i); see also United States v. Brookner, 976 F.3d 228, 233-37 (2d Cir. 2020).

Here, the Court finds that Mr. Ortega's medical conditions, (see Defendant's Memorandum of Law in Support of Mr. Ortega's Motion for Compassionate Release ("Def.'s Mem."), dated February 24, 2023 [dkt. no. 72-2] at 2-13), do qualify as "extraordinary and compelling reasons warrant[ing]" a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Government also acknowledges that Mr. Ortega has "several medical conditions."

(Government's Opposition ("Gov't Opp'n"), dated March 17, 2023 [dkt. no. 72-3] at 6.)  Taken together, Mr. Ortega's conditions qualify as "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he . . . is not expected to recover."  U.S.S.G. § 1B1.13, Application Note 1(A)(ii) (defining "extraordinary and compelling reasons").

Additionally, the Court concludes that the Section 3553(a) factors support a reduced sentence.  To be sure, the seriousness of Mr. Ortega's criminal conduct and his lengthy criminal history provide ample grounds for a substantial sentence.  But Mr. Ortega served his original sentence from this Court and has served ten years of his sentence from Judge Furman, which is "sufficient, but not greater than necessary, to comply with the purposes set forth in" Section 3553(a)(2).  18 U.S.C. § 3553(a).  The Court takes particular note of the fact that Mr. Ortega's physical and mental health is being severely impacted by a rapidly progressing, incurable disorder, among other serious medical conditions.

In light of these considerations, the Court concludes that the length of time Ortega has already served is sufficient to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.  See 18

U.S.C. § 3553(a)(2)(A).  The need to provide medical care in the most effective manner also weighs in favor of allowing Mr. Ortega to seek medical treatment outside the confines of the BOP.  See id. § 3553(a)(2)(D); see also, United States v. Gluzman, No. 96-CR-323 (LJL), 2020 WL 4233049, at *18-19 (S.D.N.Y. July 23, 2020) (granting a motion for compassionate release in part based on the "need . . . to provide the defendant with needed . . . medical care . . . in the most effective manner").

Finally, there is a reduced need to protect the public from further crimes of the defendant.  Mr. Ortega's medical condition severely limits his ability to complete daily, mundane tasks such that his physical and mental capacity to reoffend is limited.  See e.g., United States v. Asaro, No. 17-CR-127, 2020 WL 1899221, at *1, *7 (E.D.N.Y. Apr. 17, 2020) (granting compassionate release to a previously violent defendant because his physical ailments, including expressive aphasia, made it unlikely that he remained capable of orchestrating complex criminal schemes).  Mr. Ortega has also taken steps to address the substance abuse disorder that played a role in his prior crimes.

In sum, the Court GRANTS Mr. Ortega's motion for compassionate release in accordance with Judge Furman's March 31, 2023 opinion and order and orders that Mr. Ortega be

released on the same date ordered by Judge Furman.  (Dkt. no. 72 at 1).

**SO ORDERED.**

Dated:     April 6, 2023
           New York, New York

_____
LORETTA A. PRESKA
Senior United States District Judge